UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:12-cv-81395-MARRA

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

v.

LEE S. ROSEN,

          Defendant.

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT LEE S. ROSEN

The Securities and Exchange Commission having filed a Complaint and Defendant Lee S. Rosen having entered a general appearance; consented to the Court's jurisdiction over Rosen and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment. The Court having accepted such Consent and this Court having jurisdiction over Rosen and the subject matter of this action, and the Court being fully advised in the premises, orders as follows:

### I.

### PERMANENT INJUNCTION

**A. Section 10(b) and Rule 10b-5 of the Securities Act**

**IT IS ORDERED AND ADJUDGED** that Rosen, his officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them

who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about any company, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

**B.**  **Section 17(a) of the Securities Act**

**IT IS FURTHER ORDERED AND ADJUDGED** that Rosen and his officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the

mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about any company, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

### C.  Section 13(d) of the Exchange Act and Rules 13d-1 and 13d-2

**IT IS FURTHER ORDERED AND ADJUDGED** that Rosen and his officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rules 13d-1 and 13d-2 [17 C.F.R. § 240.13d-1 and 17 C.F.R. § 240.13d-2] promulgated thereunder, by:

    a.    failing to file with the Commission a statement containing the information required by Schedule 13D (as provided in 17 C.F.R. § 240.13d-101), within 10 days after acquiring directly or indirectly the beneficial ownership of more than five percent of any equity security of a class

3

which is specified in Exchange Act Rule 13d-1(i) [17 C.F.R. § 240.13d-1(i)]; or

b. failing to file with the Commission an amendment disclosing any material change that occurs in the facts set forth in the Schedule 13D that is or was required to be filed under Exchange Act Rule 13d-1(a) [17 C.F.R. § 240.13d-1(a)] including but not limited to any material increase or decrease in the percentage of the class of equity security that is beneficially owned.

**D. Section 16(a) of the Exchange Act and Rules 16a-3 and 16a-8.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Rosen and his officers, agents, servants, representatives, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rules 16a-3 and 16a-8 [17 C.F.R. § 240.16a-3 and 17 C.F.R. § 240.16a-8] promulgated thereunder, by failing to file information, documents, and reports as required pursuant to Section 16(a) of the Exchange Act and Rules 16a-3 and 16a-8, in the absence of any applicable exemption, when Rosen is, directly or indirectly, the beneficial owner of more than 10 percent of any class of any equity security (other than an exempted security) which is registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or is a director or an officer of an issuer of such security.

## II.

## OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Rosen is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## III.

## DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Rosen is liable for disgorgement in the amount of $666,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $50,484.19, and a civil penalty in the amount of $195,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Rosen's payment of a civil penalty, disgorgement, and prejudgment interest in the amount of $911,484.19 shall be due to the Securities and Exchange Commission within fourteen (14) days after entry of this Final Judgment.

Rosen may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Rosen may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Rosen as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Rosen shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Rosen relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Rosen.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Rosen shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

To preserve the deterrent effect of the civil penalty, Rosen shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Rosen's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Rosen's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Rosen shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay

the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Rosen by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

Rosen shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Rosen pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Rosen further shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Rosen pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## IV.

## **INCORPORATION OF CONSENT**

IT IS FURTHER ORDERED AND ADJUDGED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Rosen shall comply with all of the undertakings and agreements set forth therein.

## V.

## **RETENTION OF JURISDICTION**

IT IS FURTHER ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VI.

## RULE 54 CERTIFICATION

There being no just reason for delay, pursuant to Rule 54 of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DONE AND ORDERED in Chambers in WEST PALM BEACH, Florida, this 31st day of DECEMBER, 2012.

KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

Service on all parties and counsel of record

8